# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DELGADO, | 1:11-cv-0042 AWI GSA |
| Plaintiff, | ORDER DENYING APPLICATION FOR AN IMMEDIATE TEMPORARY RESTRAINING ORDER AND SETTING A BRIEFING SCHEDULE FOR A MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| AHMED S. MURSHED dba SNAP ROSE FOOD STORE; RAVINDER P. SETH and AASHIMA P. SETH, | |
| | (Doc. 19) |
| Defendants. | |

On March 30, 2011, Plaintiff filed a first amended complaint for declaratory relief, injunctive relief, damages, and attorney fees and costs.  Plaintiff contends that Defendants' store's conditions violate 42 U.S.C. § 12182, the Americans with Disabilities Act ("ADA").

On August 8, 2011, at 4:25 p.m., Plaintiff filed an application for a temporary restraining order against Defendants.  Plaintiff asks that the court issue a temporary restraining order that orders Defendants Ravinder P. Seth, Ahmed S. Murshed, and Aashima P. Sethi to cease any and all communications with Plaintiff, including telephone calls to Plaintiff, personal visits, sending representatives to meet with Plaintiff, and contacting Plaintiff's family members.  Accompanying Plaintiff's application is a declaration from Plaintiff's attorney.  Plaintiff's attorney states that an individual named "Ravie", who stated he was the owner of the business Plaintiff was suing, attempted to negotiate a settlement amount with Plaintiff over the telephone.  In addition, on August 8, 2011, two males arrived at Plaintiff's place of business and allegedly wanted to talk to Plaintiff about settling the case.  When asked to leave, one of the males stated "I know people".

1 Plaintiff's application states that Plaintiff has been threatened and fears for the life and safety of
2 his family.
3      On August 8, 2011, at 6:17 p.m., Defendants filed a opposition to Plaintiff's ex parte
4 application.  Defendants ask that the court set a briefing schedule on Plaintiff's motion so that
5 Defendants will have the opportunity to provide a correct record of events.
6      A party seeking a temporary restraining order or preliminary injunction must demonstrate
7 that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm
8 in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that
9 an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., – U.S. – , 129
10 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  "In
11 each case, courts must balance the competing claims of injury and must consider the effect on
12 each party of the granting or withholding of the requested relief."  Indep. Liv. Cntr. of Southern
13 Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376)
14 (internal quotation marks omitted)).
15      Defendants object to Plaintiff's motion on several procedural grounds.  However, in
16 considering Plaintiff's application for a temporary restraining order, the court may consider
17 Plaintiff's attorney's declaration, even though it contains hearsay.  See Johnson v. Couturier, 572
18 F.3d 1067, 1083 (9th Cir. 2009); Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th
19 Cir.1988) (en banc).  In addition, while Local Rule 231 requires Plaintiff's attorney to inform
20 Defendants' attorney of the date and time Plaintiff will *request* a hearing, Plaintiff must also give
21 notice of the time and location of any hearing actually set by the court.  Thus the fact Plaintiff's
22 proposed time for a hearing, which has now passed, would have been extraordinarily difficult for
23 Defendants' attorney to make a personal appearance, it is not a violation of the Local Rules.
24      Based on the allegations in the application for a temporary restraining order, the court is
25 inclined to grant an order that directs the parties, along with the parties' employees and
26 representatives, from contacting any other party concerning the subject matter of this action.
27 This would include any discussions concerning settlement negotiations.  There is simply no
28 reason for represented parties or their representatives to discuss on going settlement negotiations

taking place between the parties' attorneys.  However, after careful consideration, the court has determined that no formal order will be issued at this time.

All parties submitted their briefing within a few hours after hearing about the alleged improper communications.  Because represented parties should not discuss the merits of a lawsuit, it appears this entire matter could have been easily resolved by the attorneys conferring with each other and then explaining appropriate negotiation practices to their clients.  In addition, the court notes a scheduling conference is set for tomorrow, August 10, 2011.  To the extent the parties cannot reach an agreement about the parties' direct communications before the conference, the parties can raise the issue with Magistrate Judge Gary S. Austin so that Magistrate Judge Austin can endeavor to mediate an informal solution.

Given the limited factual information before the court and the informal remedies available to the parties, the court will deny the application for an immediate temporary restraining order at this time.  However, in the event the parties cannot reach a reasonable accommodation, the court will set a formal briefing schedule for a noticed preliminary injunction motion.

Accordingly, the court ORDERS that:

1. Plaintiff's application for an immediate temporary restraining order is DENIED without prejudice;
2. Plaintiff *may* file a fully briefed motion for a preliminary injunction by 4:00 p.m. on August 12, 2011;
3. Defendants *may* file any opposition to Plaintiff's motion by 4:00 p.m. on August 18, 2011;
4. Plaintiff *may* file any reply by 4:00 p.m. on August 23, 2011;
5. The court will hear any motion for a preliminary injunction on August 29, 2011 at 1:30 p.m.

IT IS SO ORDERED.

Dated:   August 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE

3